IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCELLA WOOD, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:22-CV-4740-JDW |
| | : | |
| CHESTER COUNTY INTERMEDIATE UNIT, *et al.*, | : | |
| | : | |
|    Defendants. | : | |

### MEMORANDUM

Marcella Wood claims that while, working at the Chester County Intermediate Unit ("CCIU"), she was the victim of discrimination. But she has not alleged any conduct based on her membership in a protected class. The Court will grant her leave to proceed *in forma pauperis*, dismiss her complaint, and give her leave to file an amended pleading.

### I.   BACKGROUND

Ms. Wood worked at CCIU until her recent retirement, but it's not from her Complaint in what capacity. Ms. Wood says that she was "being treated unfairly and being disrespected by a teacher since October 2021." (ECF No. 1 at 6.) She says that she received a disrespectful text from this teacher, she showed it to her boss, and she then met with a Vice-Principal to discuss the matter. But in December 2021, the teacher "started disrespecting the whole team." (*Id.* at 7.) Ms. Wood and other members of the team

reported the teacher to the Vice-Principal, who said that she would meet with the whole team. It's not clear if that meeting happened.

The next day, a speech therapist came to Ms. Wood's classroom to talk and left the door open. While they were talking, a student left the room. The Vice Principal found the student on the playground by himself. Ms. Wood claims that the teacher in question was responsible for the student but nothing happened to her. She also says that the teach er continued to "disrespect" Ms. Wood and the team. (*Id.* at 7.)

Ms. Wood claims that the disrespect continued, so she sought mental health counseling. She took a couple days off before winter break and then had to miss the first two weeks off after break because she had Covid. When she returned, her student had some behavioral problems, so the teacher reported her to the Vice Principal.

In February 2022, several incidents occurred involving Ms. Wood's student. Ms. Wood claims that there benign explanations for them, but she was nonetheless investigated. She had a meeting with the Vice Principal to explain some of the incidents on February 12, 2022. Two days later, she retired because she felt like she was being picked on. During an exit interview, she was asked about severance pay, but she was later told she was not eligible for severance pay because she did not give CCIU 60-days

Ms. Wood filed a charge of discrimination with the Equal Employment Opportunity Commission. The EEOC issued a notice of right to sue letter on November 3, 2022. Ms.

Wood then filed her Complaint in this case. Her submission indicates that she is bringing claims for employment discrimination based on race, color, and age.

## II.     LEGAL STANDARD

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Moreover, because Mr. Clark is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A.    *In Forma Pauperis*

Ms. Wood has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that she cannot afford to pay the filing fees. Her application to proceed *in forma pauperis* demonstrates

that he lacks the income or assets to pay the required filing fees. Therefore, the Court will grant her leave to proceed *in forma pauperis*.

### B. Plausibility Of Claims

Title VII and the ADEA "proscribe discrimination in employment based on several personal characteristics" including race, color, and age. *E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015). To state a claim under these federal laws prohibiting employment discrimination, a plaintiff must allege sufficient facts to raise a reasonable expectation that her membership in a protected class was "either a motivating or determinative factor" in her employer's adverse employment action against her. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). A plaintiff claiming a hostile work environment must also establish that any harassment was due to her membership in a protected class. *Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001). Indeed, "Title VII imposes no general civility code" as it "does not reach the ordinary tribulations of the workplace, for example, sporadic use of abusive language or generally boorish conduct." *Vance v. Ball State Univ.*, 570 U.S. 421, 452 (2013) (internal quotations omitted). Courts interpret claims under the PHRA coextensively with their federal counterparts. *See Atkinson v. LaFayette Coll.*, 460 F.3d 447, 454 n.6 (3d Cir. 2006).

Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because she made a charge, testified, assisted, or participated in an investigation, proceeding, or

4

hearing under the employment discrimination statutes. *See* 42 U.S.C. § 2000e-3. A plaintiff states a retaliation claim if she "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by [the statute]; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action." *Connelly*, 809 F.3d at 789.

Even under a liberal reading, Ms. Wood's Complaint fails to allege a plausible claim for discrimination or retaliation because she has failed to allege how her treatment at work had anything to do with her membership in a protected class or that she was subjected to an adverse action because she engaged in protected conduct. None of the facts alleged in the Complaint elaborates on how, exactly, anyone disrespected her, nor do they suggest that this teacher's conduct had anything to do with her race, color, or age. The allegations also do not support a plausible inference that the Vice Principal or anyone else subjected Ms. Wood to an adverse action because of her race, color, or age, or because she complained about discrimination. In the absence of such facts, Wood cannot state a claim for employment discrimination or retaliation.

Finally, the Court notes that although the case lists Sue Mateka as a Defendant, there are no allegations against her, nor does Ms. Wood list her as a defendant on her form Complaint. The Court will therefore have her removed as a Defendant.

## IV. CONCLUSION

Ms. Wood can proceed *in forma pauperis*, but her complaint does not state a plausible claim for relief. The Court will dismiss the Complaint and give her a chance to file an amended complaint that is consistent with this decision. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

January 6, 2023